### LYONS v. BISHOP et al.

(Circuit Court, S. D. New York. May 28, 1899.)

**1. PATENTS—INVENTION—HAT BOXES.**
    In the construction of ladies' hat boxes or trunks there is no invention in substituting, for the fragile gauze frames previously used, a frame of buckram and coarse cloth, on which the hat may be securely fastened by a hat pin or other similar device.

**2. SAME.**
    The Lyons patent, No. 573,789, for an improvement in hat boxes or trunks, is void on its face for want of patentable invention.

J. Nota McGill, for complainant.
Geo. J. Murray, for defendants.

SHIPMAN, Circuit Judge. This bill in equity is founded upon the infringement of letters patent No. 573,789, dated December 22, 1896, for an improvement in hat boxes or trunks. The specification states —what is also well known—that hat boxes have been made containing rests or supports for ladies' hats, but that these supports were constructed of fragile material, like pasteboard, or gauze stiffened with wire, and not of sufficient tenacity to allow of an adequate securing agency, like a hat pin. One object of the invention was to have a hat box with a plurality of hat or bonnet supports, and the second object was to provide an improved support having substantially the shape of the human head, and to which a bonnet can be secured by the insertion of a hat pin. The first object was obtained by having a box devoted to the transportation of bonnets, and the second was attained by having such rest made of buckram and another piece of like coarse fabric and a piece of trunk lining, glued together, the buckram having been shaped over a form, and the three pieces being pressed together. When the bonnet is placed upon this form, or dummy, it can be securely fastened by a hat pin. The specification

is elaborately drawn, and presents with care the advantages by the use of buckram. The patent contains six claims, the first and broadest of which is as follows: "A hat box or trunk having a lining provided with a rest or support composed of an inner textile material of a springy or elastic nature, such as buckram, and an outer covering of a less resilient nature, as set forth." The defendants have demurred to the bill upon the ground that the letters patent are void for want of invention apparent upon the face of the patent, in view of common and general knowledge. Trunks or hat boxes provided with a frame made of pasteboard or gauze stiffened with wire, upon which a lady's hat can be carried, were well known, and it is also a matter of common knowledge that the bodies of ladies' bonnets are frequently made of buckram, which is a coarse linen cloth, stiffened with glue, or two or three thicknesses glued together. For example, Judge Blatchford, who was examining a patent for a stamped or embossed hat body in Baldwin v. Schultz, 9 Blatchf. 494, Fed. Cas. No. 824, says in his opinion that as early as 1857 bonnet frames were made of two or more thicknesses of muslin stuck together and shaped into the form of a hat by means of smooth dies. The improvement of the patentee was the substitution of a frame of buckram and coarse cloth for a wire and gauze frame, and, although the improvement is stated with much circumstance in the specification, it is a very simple affair, and, inasmuch as everything was told by the patentee except that the frames of bonnets were often made of thicknesses of buckram, the subject of patentability can be as well ascertained upon a demurrer as after proofs have been taken. If the public had not known that bonnet frames could be securely and without injury fastened by a hat pin thrust through a buckram frame, the patentability of the invention could not be safely attacked, but the patentee simply put into the place of a flimsy frame one which had been known to the milliner as enduring the test of actual use, and the substitution of the improved frame does not rise to the dignity of patentable invention. The demurrer is sustained.